## PFAFF CONSTRUCTION CO v LEONARD et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11209. Decided April 20, 1931

Nicola and Horn, Cleveland, for Pfaff Construction Co.

White and Brewer, Cleveland, for Leonard et.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist), sitting.

LEMERT, J.

The nature of plaintiff's claim in the instant action is for damages because of the issuance of the injunction. The question raised by the record before us is whether or not the facts stated in plaintiff's petition set forth a cause of action against the defendants. We observe among other averments made in the petition the following:

"By virtue of said restraining order this plaintiff and said Village and its officers were prevented from entering into said contract and this plaintiff was prevented from performing any of the work awarded to it by said Village of Mayfield Heights, Ohio, until the trial of said cause."

It is therefore apparent that at the time of the granting of the restraining order the plaintiff herein had no contract with the municipality. The fact that an award had been made gave the plaintiff no enforcible or vested rights against the municipality. This proposition is supported by abundant authority in Ohio.

While The Pfaff Construction Company was made a defendant in the injunction proceedings, the action might well have been instituted against the municipal authorities alone restraining them from executing or entering into a contract in violation of the statute.

. The Village of Mayfield Heights was one of the plaintiffs in the case now before this court but, as is shown by the bill of exceptions, the Village dismissed the action so far as it was concerned and withdrew from the case. By such proceeding there is removed from the case the consideration of any question with reference to attorneys' fees alleged to have been expendd by the Village.

It is contended on the part of defendants in error that the plaintiff herein had no enforcible rights against the municipal authorities until a written contract had been executed between the contractor and the municipality and consequently was deprived of no right by reason of the granting of the temporary restraining order.

This contention we believe is well taken under authority of the **81 Oh St page 218.** Also another case well in point 32 N. J. Law, 504, wherein it was held:

"That was an action at law and it was sought in that case to recover damages, and the plaintiff's claim was that he was entitled to damages by reason of the refusal of the City to enter into a contract with him after having accepted his bid. That raised therefore the very question at issue here, to-wit: did the mere acceptance of the bid give the right of action to the relator against the city, or, in other words, did that act of the city vest any right in the relator?"

The foregoing authority effectually disposes of any contention by the plaintiff that the contractor and Village officials were prevented from performing any work until the trial of said cause or that it was in any way injured or damaged by reason of the restraining order preventing the Village officials from entering into a contract. As heretofore stated, it might well have been an action against the Village Officials alone from entering into or making the contract and ignoring The Pfaff Construction Company entirely as a party to the action.

It seems to be a logical conclusion that the contractor not having any vested or legal rights under any contract would not be damaged as set forth in its petition.

The foregoing proposition is based upon the fact that a contract was made. That being much stronger than the instant case wherein the petition sets forth that the said Village and its officers were prevented from entering into a contract with the plaintiff and so forth.

The powers of Village officials in Ohio is fixed by statute and in the instant case the authority of Village Councils relative to public contracts is found in §4221 and §4222 GC. §4221 provides how contracts shall be let, bids, and so forth.

"All contracts made by the council of a Village **shall be executed** in the name of the Village and signed on behalf of the Village by the mayor and clerk. When any expenditure other than the compensation of persons employed therein, exceeds five hundred dollars, such contracts shall be in writing and made with the lowest and best bidder after advertising for not less than two nor more than four consecutive weeks in a

newspaper of general circulation within the Village. The bids shall be opened at twelve o'clock noon on the last day for filing them, by the clerk of the village and publicly read by him."

A part of §4222 GC which provides for bids and proceedings thereon, quoting so much of said section as we deem applicable to the instant case, we note that said statute proves that:

"Each such bid shall contain the full name of every person or company interested in it and shall be accompanied by a sufficient bond or certified check on a solvent bank that, if the bid is accepted, a contract will be entered into and the performance of it properly secured."

Taking the two sections hereinbefore referred to it will be noted in §4221, GC, while referring to contracts made such as in the instant case, it uses the words "shall be executed," and then referring to §4222 GC this section uses the following language: "If the bid is accepted a contract will be entered into and the performance of it properly secured." So that taking these two sections together we are of the opinion that a contract such as it is claimed in the instant case that the Village and officers were prevented from entering into, that there are two essential things to be considered, one is the making of the contract and the other is the executing of the contract.

So now coming to consider the claimed ground of error that the court below erred in directing a verdict for the defendants, we find and hold that under the averments of the petition and the law governing the instant case that the court below was right in so directing a verdict, and we further find and hold that the plaintiff had no standing in the court below, for the reason that it had no vested or legal rights which were in any way affected by the granting of the temporary injunction. Therefore, it follows that we find no error in this case and the judgment is therefore affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.