**STATE ex GREINER et v BOARD OF PURCHASE OF ZANESVILLE (city) et**

Ohio Appeals, 5th Dist, Muskingum Co

No 510. Decided May, 1934

C. A. Maxwell, Zanesville, L. M. Soliday, Zanesville, and John C. Bassett, Zanesville, for plaintiffs in error.

B. E. Leasure, City Solicitor, Zanesville, and Graham · & Graham, Zanesville, for defendants in error:

## OPINION

By LEMERT, J.

From a careful consideration of the facts agreed upon and the law governing this case, we have to say, that in the contention of the plaintiffs in error they seem to rely upon the case of **Commissioners v Rhoades,** **26 Oh St, 411.** We are content with saying that we believe the law as laid down in that

case was good law in that particular case, but an entirely different state of facts presented themselves to the court determining that case from what we have before us in the instant case. ·Especially is that true when we have for our consideration §173 of the Charter of the City of Zanesville, found on page 21 of the agreed statement of facts. This section provides:

"Each bid shall contain the full name of every person or company interested in the same and shall be accompanied by sufficient bond or certified check on a solvent bank of the city as required by the contract or specifications; that if the bid is accepted, a contract will be entered into and an acceptable bond in the sum of not less than 50% of the contract price given to properly secure the performance of the same within the contract time."

It is the contention of the defendants that the plaintiffs never had any vested or legal rights by virtue of the fact that the Board never signed a written contract.

In the case of **State v Board, 81 Oh St, page 218,** the court in passing upon the interpretation of the statute similar to the above provision of the charter, held that until the written contract was executed, the city was not bound. On page 225, we note the court made the following statement:

"In this case, under the statute cited, it is quite clear that the real, substantial object to be attained is the making of the written contract; it is the only contract authorized by the statute, and all that precedes is but preliminary to the efficient object, viz: the written contract. Until that is executed, the' city if not bound."

This court, sitting in Cuyahoga County, in the case of **Pfaff Construction Company v Leonard et, 40 Oh Ap, 246, (11 Abs 101),** 178 NE, 328, in the interpretation of §§4221 and 4222 GC, which sections used the following language,

"If the bid is accepted a contract will be entered into and the performance of it properly secured."

held that the city was not bound until the written contract was duly executed.

We are of the opinion that the law governing the case of the Pfaff Construction Company v Leonard et, is controlling in the instant case.

We are further of the opinion that a Board of Purchase is clothed with wide discretion in dealing with the making of contracts, and, as stated by Judge Spear in the **State ex v Board, 81 Oh St, 221,** "that a Board of Purchase is usually accorded the power to rescind their actions in a proper case and that courts will not interfere with the rescinding and reconsidering of former action unless there is a showing of fraudulent intent existent to the injury of the complaining party."

And that: "A Board may rescind its action relative to awarding a contract at any time before the contract was reduced to writing and signed."

See Capital Printing Co. v Hucy, 140 N. C. 767.

Weitz v Independent Dist., 79 Iowa, 433.

There being no allegation of fraud nor any averment of any element of fraud in the instant case, we are of the opinion that the court below in dismissing plaintiff's petition rightly interpreted the law according to the facts in the instant case and that the judgment and finding of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.